IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM WOLFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.13-cv-190-SPS |
| ) | |
| AMERICAN SECURITY INSURANCE ) | |
| COMPANY and ASSURANT SPECIALTY ) | |
| PROPERTY, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant, AMERICAN SECURITY INSURANCE COMPANY, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, hereby gives notice of the removal of this action from the District Court in and for Pittsburg County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma, and in support thereof would show unto the Court the following, to wit:

1.  On or about April 1, 2013, the Plaintiff brought this action by filing an original petition against Defendant, American Security Insurance Company ("ASIC") in the District Court of Pittsburg County, Oklahoma, being Case No. CJ-2013-89. A copy of all process, pleadings and orders on file therein are hereto attached as: Exhibit 1 - Docket Report; and Exhibit 2 - Petition.

2.  This Court has diversity jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 because the parties properly joined and served are completely diverse, and

because the amount in controversy exceeds $75,000.00.

3.      Twenty-Eight U.S.C. § 1441 grants a defendant the ability to remove any civil action over which the district courts have original jurisdiction, which includes diversity jurisdiction, to federal court.

4.      Pursuant to 28 U.S.C. § 1446, fewer than thirty (30) days have passed since ASIC has been served with process, thus, this Notice of Removal has been timely filed.

5.      Contemporaneously with the filing of this Notice of Removal, a copy of this Notice is being filed with the District Court in and for Pittsburg County, Oklahoma, and is being served upon all counsel of record.

### DIVERSITY OF PARTIES

6.      According to the Petition, Plaintiff is a resident and citizen of the State of Oklahoma.

7.      Defendant American Security Insurance Company ("ASIC") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Georgia. (Exhibit 3 - Declaration of Jeannie Aragon-Cruz at ¶4.) Therefore, for the purposes of this litigation, ASIC is a citizen of the State of Georgia.

8.      Plaintiff also named "Assurant Specialty Property" as a defendant. Assurant Specialty Property is a registered trademark owned by Assurant, Inc. (Exhibit 3 at ¶¶4 – 5.) The "Assurant Specialty Property" referred to by this trademark is not a corporation or other type of legal entity. (*Id.*) The "Assurant Specialty Property" mark

2

and business brand are descriptive of certain insurance services provided by ASIC and/or certain of its affiliated companies. (*Id.*)

## AMOUNT IN CONTROVERSY

9. Plaintiff states in his Petition that on or about February 21, 2010, a windstorm and/or tornado occurred at a home owned by Plaintiff, located at HC 67 Box 17, Canadian, Pittsburg County, Oklahoma. Plaintiff claims breach of contract in connection with ASIC's alleged failure to pay the full amount due to Plaintiff. (Petition at ¶9.) Plaintiff also claims that ASIC violated the duty of good faith and fair dealing. (*Id.* at ¶12.)

10. Plaintiff claims that he has suffered damages as a result of the alleged breach of contract in excess of seventy-five thousand dollars ($75,000.00), including attorney's fees, lost rents, income and/or revenues "and such other and further relief as the Court may deem just and proper." (*Id.* at p. 2, 3.) Plaintiff seeks punitive damages in excess of seventy-five thousand dollars ($75,000.00). (*Id.* at ¶15.)

11. "[W]hen a single plaintiff has multiple claims against a defendant or against two or more defendants, the Court should consider the aggregate value of the claims for the purposes of the amount in controversy." *Chidester v. Kaz, Inc.*, 2007 WL 1087728, *3 (N.D. Okla. Apr. 9, 2007) (citing *Alberty v. Western Sur. Co.*, 249 F.2d 537, 538 (10th Cir.1957)).

12. Plaintiff's claim for punitive damages may be considered in determining the amount in controversy. *Flowers v. EZPawn Okla., Inc.*, 307 F. Supp.2d 1191, 1198

3

(N.D. Okla. 2003)(citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)). Exemplary or punitive damages have been awarded in considerable excess of the jurisdictional amount for claims arising out of the denial of benefits under insurance policies. *See, e.g., Stotts v. Credit Life Ins. Corp. of Am.*, 1991 WL 444070, JVR. No. 65607 (Okla. State Ct. 1991)(awarding $100,000.00 in punitive damages for discontinuing credit disability insurance).

13. Plaintiff's claim for attorneys' fees may be calculated as a part of the amount in controversy in a bad faith case. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1277 (N.D. Okla. 2006). There is both a statutory and common law right to attorneys' fees in bad faith cases. *First Nat'l Bank of Turley v. Fidelity & Dep. Ins. Co. of Maryland*, 196 F.3d 1186, 1189 (10th Cir. 1999). The *Slover* Court recognized that attorneys' fees in a bad faith action can be "substantial in and of themselves." *Slover*, 44 F. Supp.2d at 1277; *see, e.g., Thompson v. Shelter Mut. Ins.*, 875 F.2d 1460, 1463-64 (10th Cir. 1989) (upholding award of $32,250.00 in attorneys' fees in insured's action against an insurer for breach of contract, emotional distress and bad faith).

14. Thus, it is clear from the face of the petition that Plaintiff seeks far in excess of the requisite $75,000.00 amount in controversy. Where it is clear from the face of the petition that the Petition seeks in excess of $75,000.00, the amount in controversy requirement is satisfied. *Walls v. American Tobacco Co., Inc.*, 1997 WL 1121361, *1 (N.D. Okla. July 10, 1997).

4

## CONCLUSION

15.  As demonstrated above, the amount in controversy is clearly satisfied from the face of the petition and there is complete diversity of the parties. Thus, diversity jurisdiction is present.

**WHEREFORE**, American Security Insurance Company requests that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the District Court in and for Pittsburg County, Oklahoma, be hereby stayed.

Respectfully submitted,

**AMERICAN SECURITY INSURANCE COMPANY**

s/J. Derrick Teague
J. Derrick Teague, OBA #15131
JENNINGS COOK & TEAGUE
204 North Robinson, Suite 1000
Oklahoma City, Oklahoma 73102
Telephone: (405) 609-6000
Facsimile: (405) 609-6501
Email: jdt@jctokc.com

## CERTIFICATE OF SERVICE

This is to certify that on this 26th day of April, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmitted a Notice of Electronic Filing to the following ECF registrant:

    Robert Todd Goolsby, Esq.
    GOOLSBY, PROCTOR, HEEFNER & GIBBS, PC
    701 N. Broadway Ave., Ste 400
    Oklahoma City, OK  73102

    ATTORNEY FOR PLAINTIFF

                                    s/J. Derrick Teague